IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. BUNN, | No. CIV S-11-1067-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| S.M. SALINAS, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss the petition as unexhausted (Doc. 12).

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately

by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[1]

In this case, petitioner was convicted on March 14, 2011, and sentenced to a determinate term of 37 years in state prison. Petitioner appealed to the California Court of Appeal on March 25, 2011. That appeal is still pending. Petitioner has not filed any other state court actions relating to the March 14, 2011, conviction. Because petitioner has not yet presented any claims relating to the March 14, 2011, conviction to the state's highest court, the instant federal petition is necessarily unexhausted and must be dismissed.

/ / /

/ / /

/ / /

/ / /

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

1   Based on the foregoing, the undersigned recommends that respondent's
2   unopposed motion to dismiss (Doc. 12) be granted.
3   These findings and recommendations are submitted to the United States District
4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5   after being served with these findings and recommendations, any party may file written
6   objections with the court.  Responses to objections shall be filed within 14 days after service of
7   objections.  Failure to file objections within the specified time may waive the right to appeal.
8   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 21, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE